CIRIACO MASTRANGELO, administrator, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    January 15, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions.

Where all that is involved in a case is the application of well settled principles of
law to facts which are neither complicated nor obscure, and after a fair trial the
facts have been found adversely to the excepting party, it would seem that
there is no reasonable ground to hope for a successful issue in carrying the case
further, and that the only result of prosecuting a bill of exceptions must be to
subject the defeated party to still greater expense.

MORTON, J.    The plaintiff's intestate was injured while at
work as a laborer in the defendant's employ, and, after a period
of conscious suffering, died.    This is an action by the adminis-
trator to recover for such conscious suffering and death.    The
case was tried before a judge of the Superior Court * without a
jury.    The judge found for the defendant and the case is here
on exceptions by the plaintiff to the refusal by the judge to
make certain findings and give certain rulings which were re-
quested by the plaintiff.

No two cases are exactly alike in all of their facts.    But where
a case belongs, as this one does, to a class of actions in which the
principles of law applicable to them are well settled, and where
the case has been fairly and fully tried to and heard by a judge
or a jury, and there is no material error in the admission or ex-
clusion of evidence, and all that is involved is the application of
well settled principles of law to the facts, and the facts have been
found adversely to the excepting party, it would seem that there
could be no reasonable ground to hope for a successful issue in
carrying the case further, and that the only result could be to sub-
ject the defeated party to still greater expense.    In this case the
facts are neither complicated nor obscure, and involve no new
application of the rules of law which have been established in re-
gard to cases of personal injury, and there is nothing which calls,
it seems to us, for a recital of them here.    The judge filed a mem-

---

* *Sanderson, J.*

orandum of the findings of fact made by him.  This memorandum is incorporated into and forms a part of the bill of exceptions. If his findings of fact were warranted by the evidence, they dispose completely of the plaintiff's case, and do not leave him any thing to stand on.  We have carefully examined the evidence and are of opinion that the findings were well warranted by it. It follows that the exceptions must be overruled.

*Exceptions overruled.*

*R. W. Nason,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant, was not called upon.